UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOVAN MENDIZABAL,

    Plaintiff,

v.                                              3:06-cv-345

WARREN MAYS, *Supervisor,*
*U.S. Marshals Service,* and
EIGHT UNIDENTIFIED PERSONS,
*employees of the Knox County Detention Facility*,

    Defendants.

**MEMORANDUM**

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss, or in the alternative, for summary judgment filed by defendant Warren Mays, and plaintiff's response thereto. The defendant having presented matters outside the pleadings in support of his dispositive motion, the motion will be treated as a motion for summary judgment. Fed. R. Civ. P. 12(b). For the following reasons, the motion for summary judgment will be **GRANTED** and this action will be **DISMISSED**.

Plaintiff is a federal inmate who, from August 23, 2005, until January 3, 2006, was confined in the Knox County Detention Facility. As defendants plaintiff has named eight unknown employees of the Knox County Detention Facility as well as Warren Mays, a Supervisory Deputy U.S. Marshal.[1] The complaint concerns an alleged denial of medical treatment for bleeding and itching bumps in plaintiff's rectal area. Plaintiff states he filled out two medical request forms, neither of which were answered.

Plaintiff further states that on September 19, 2005, he filled out a formal inmate grievance form regarding his need for medical care. On September 23, 2005, a correctional officer brought the grievance form to his cell. The back of the form had a written statement from a jail nurse who had called the Marshals Service. According to the statement, the nurse had spoken with defendant Mays, who told her plaintiff's situation was not a medical emergency and thus plaintiff would not be transported out of the facility for treatment. The form was signed by the nurse and the correctional officer. Plaintiff appealed the decision to the grievance committee, who determined his complaint was not sustained. Defendant Mays moves to dismiss the claim against him on the ground that plaintiff did not fully exhaust his available administrative remedies.

---

[1] Because defendant Mays is a federal agent, the claim against him is construed as an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. The *Bivens* doctrine serves as the counterpart to § 1983 suits, and the decisional law developed under § 1983 generally applies to *Bivens*-type actions. *See Carlson v. Green*, 446 U.S. 14, 21-22 (1980); *Butz v. Economou*, 438 U.S. 478, 504 (1978).

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court." *Bock v. Jones*, 127 S. Ct. 910, 918-19 (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants).

In support of his dispositive motion, defendant Mays has filed the declaration of Pete Garza, who states he is employed by the Knox County Sheriff's Office (KCSO) as Director of Corrections Training and Chairman of the Grievance Committee, and is ultimately responsible for maintaining inmate grievance records. [Court File No. 17, Declaration of Pete Garza]. According to Mr. Garza, the KCSO has a three-step grievance process, which the inmates are informed of upon entry into the detention facility.

Step one is completion of a formal inmate grievance form. After a supervisor reviews the grievance and writes his findings on the back of the form, the grievance form is returned to the inmate who may request to have the matter decided by the grievance committee (step two). After the grievance committee notes its findings on the back of the form, the inmate may appeal to the Director of Corrections on a separate form (step three). The form for appealing to the Director of Corrections as well as the formal grievance form are provided to inmates upon request. [*Id*. at 2, ¶¶ 4-6]. The inmate handbook, which includes

information as to the grievance procedures, is attached as an exhibit to Mr. Garza's declaration.

Also attached as an exhibit to Mr. Garza's declaration is a copy (front and back) of plaintiff's grievance form. Mr. Garza states that he searched the grievance records, including paper log sheets and computer records, and found no record of an appeal by plaintiff to the Director of Corrections from the decision of the grievance committee. According to Mr. Garza, if plaintiff had appealed the decision the KCSO would have a record of it. [*Id.* at 2-3, ¶¶ 8-9].

A prisoner who fails to follow the correctional facility's grievance procedures cannot demonstrate exhaustion of administrative remedies. *See Williams v. Moore*, 34 Fed.Appx. 475, 2002 WL 927003 (6th Cir. May 7, 2002) (unpublished decision); *Black v. Tarver*, 21 Fed.Appx. 285, 2001 WL 1298995 (6th Cir. August 9, 2001) (unpublished decision)

In response to the dispositive motion, plaintiff contends that defendant Mays is not entitled to rely on the defense of failure to exhaust administrative remedies. Plaintiff argues this point based upon the fact that defendant Mays is not an employee of the KCSO, but rather is employed by the U.S. Marshals Service. According to plaintiff, the KCSO grievance procedure is an internal procedure for resolving complaints, which has no relation to or authority over the Marshals Service.

Plaintiff, however, cites no cases to support his position and the court is not aware of any caselaw to that effect. There is caselaw to the effect that a prisoner must exhaust his administrative remedies "[e]ven when the prisoner seeks relief not available in grievance

4

proceedings, notably money damages, ...." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). *See also Woodford v. Ngo*, 548 U.S. 81, ___, 126 S. Ct. 2378, 2382-83 (2006) ("a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process"); *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures").

By analogy, then, plaintiff was required to fully exhaust his administrative remedies before filing suit against defendant Mays. In addition, plaintiff states his intention to dismiss the eight John Doe defendants from the case. [Court File No. 22]. Plaintiff having failed to exhaust his administrative remedies, the John Doe defendants would likewise be subject to dismissal for that reason. Accordingly, defendant Mays' motion for summary judgment will be **GRANTED** and this action will be **DISMISSED** in its entirety. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER**.

        s/ Thomas W. Phillips
        United States District Judge